And the last case on for argument is Johnson v. NYU, New York University Good morning Mr. Johnson. Good morning Your Honor. Now please the court. This case is about the denial of admissions. I would agree with the defendant that there was prior history between myself going to New York University. However, I moved past that and my intention was to return back to the university to apply. And I'm going to talk about three things. Three things that I'm going to focus on is the policy, which the university keeps changing, the law that's applicable for me to return, and last but not least, the business practice and the discrimination that goes on within the university. Now, prior to that, I had a 3.2 GPA over at the university, which requires that if there's a long absence, I'm able to apply. However, the university's position is that being that I was found guilty in a disciplinary hearing, which I admit I did not intend for my own personal reasons. That evidence which they used, which differs than the ones that was in the criminal case, which I was found not guilty of, differs is the reason why I did not intend. Basically, what the university have done was they took evidence and they fabricated hit witnesses to stop me from attending. And that was the only reason why. The other reasons which they furnished state under the affidavit of Dennis DeLorenzo that he considered disciplinary and also academics, so to speak, and which I provided to the academics, then they provided another reason, which was the disciplinary reason. And that's why I'm challenging it right now. I reserve my time for the defendant to speak more. Thank you, Mr. Johnson. May it please the Court. My name is Will Miller, and I represent the appellees, NYU, and the individual defendants. In short, this case is about Mr. Johnson's expulsion from NYU nearly 13 years ago and his current attempts to effectively try to relitigate and challenge and bring claims about events that are, again, happened 13 years ago and therefore are clearly time-barred under any applicable statute of limitations. The decision in which he was expelled for having engaged in theft found that it said that he could reapply after three years, but that it was entirely within discretion of the dean whether or not he was going to be readmitted. He did reapply, not after three years, but after 10. The dean considered his application and did not accept him for readmission. As to his federal claims relating to that decision to deny him readmission, he has failed to sufficiently plead anything that would meet a minimal plausible inference of discrimination. And for all those reasons, the Court below rendered a correct decision, and we request that this Court affirm that decision. With that, I'll just ask if there are any questions from the Court. You agree that the statute of limitations is three years? That's right. And again, just remind me or just recite again, how long was it after admission was denied that this case was brought? Well, so the time-barred argument isn't as to his discrimination claims as to the denial of his readmission. It's just as to, I mean, I think it's just to what happened in 2007, right, which is when he was expelled for engaging in theft. So that's, I think it was 10 years, 10 years after that event that he filed this action. Thank you, Your Honors. Thank you. Thank you, Mr. Miller. Mr. Johnson, you've reserved some time for rebuttal. Yes, basically on what Mr. Miller stated, yes, I was arrested for theft in a criminal court. That case was terminated in my favor, found now guilty. What Mr. Miller is talking about is basically the university's decision was basically the disciplinary hearing, and also, yes, I agree, it was 10 years ago. However, they are using that as a defense. I'm asking the court that if the defendants are using that as a defense, at a minimum, the lower court should investigate to see if there was any bias within the disciplinary hearing. The bias that's within the disciplinary hearing is right there, even if you take out the trial transcripts, which I provided to the court, it's right there that shows that there was a witness there who was there. So I'm asking the court to please, to reverse the decision on the lower court to at least investigate to find out what's going on. Thank you. Thank you. Thank you both. We'll reserve decision in this case, as we have in the previous ones. The final case, Levitz v. Bree, is on submission, so I will ask the clerk please to adjourn the court. Thank you. Thank you.